UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELLOUS L. WALKER,

        Plaintiff,

        v.                                 Case No. 22-C-858

JACOB CIRIAN,

        Defendant.

## DECISION AND ORDER

Plaintiff Marcellous L. Walker is representing himself in this 42 U.S.C. §1983 case. He is proceeding, in part, on a First Amendment claim based on assertions that certain Division of Adult Institution (DAI) policies are unconstitutional "as applied to him." *See* Dkt. Nos. 16, 24. Discovery closed more than a month ago, and both parties have moved for summary judgment. Dkt. Nos. 58, 67. On May 2, 2023, a couple weeks before moving for summary judgment, Walker filed a motion for leave to amend his complaint. He seeks to add allegations that he believes supports a claim that a DAI policy is unconstitutional "on its face." Just over a month later, on June 5, 2023, Walker sought to amend his motion for leave to file an amended complaint. Dkt. No. 74. He states a desire to add even more allegations, this time in an effort to state equal protection and retaliation claims. Walker has also filed a motion for a protective order, a motion for judicial notice, and a motion to strike. Dkt. Nos. 50, 54, 56. For the reasons discussed below, the Court will deny Walker's motions.

**1. The Court Will Deny Walker's Motion for Leave to File an Amended Complaint and His Amended Motion for Leave to File an Amended Complaint.**

The Supreme Court long ago explained that courts should heed the mandate in Fed. R. Civ. P. 15 to freely give a plaintiff leave to amend his complaint when justice so requires. *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962). However, "the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Parmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman*, 371 U.S. at 182). The Court will deny Walker's original motion for leave to amend his complaint on the ground of futility because even if the Court were to allow him to amend his complaint in the way he proposes, he still would not state a claim that the DAI policy at issue is unconstitutional on its face. The Court will deny Walker's amended motion for leave to amend his complaint on the ground of undue delay because the facts upon which Walker bases his new proposed theories of liability were available to him when he filed his complaint and he offers no adequate reason for waiting until after discovery was closed and both parties had moved for summary judgment before filing his motion.

As to Walker's original motion for leave to amend, he seeks to add only one substantive paragraph; the other three suggested additions relate to the exhaustion of his administrative remedies. The proposed addition states: "The policy t[hat] governs inmate authored manuscripts includes and mandates confiscation of the manuscripts based on the content of the expression, absent a valid, legitimate governmental interest or objective, and absent any requirements to give notice to the inmate." Dkt. No. 47 at 2. It is the "absent any requirement to give notice to the inmate" addition that Walker asserts supports a claim that the DAI policy is unconstitutional on its face. He states that because the reviewing authority is not required "to identify to the inmate where their manuscript is in violation of the policy," the policy "not only allows for arbitrary determinations to be made regarding inmate authored manuscripts . . . it promotes it." *Id.*

Walker's addition does not change the Court's conclusion that he fails to state a claim that the DAI policy at issue is unconstitutional on its face. As the Court already explained, "the concepts of overbreadth and vagueness in the jurisprudence of the First Amendment . . . have only

2

limited relevance to a sphere where the right of free speech is limited," and "[p]rison inmates have limited first amendment rights." *Koutnik v. Brown*, 456 F.3d 777, 783 (7th Cir. 2006) (citations omitted). The overbreadth analysis simply does not apply in this circumstance because of the inherent restrictions on the rights of prisoners and prison administrators' need for flexible regulations. *See id.*; Dkt. No. 24 at 3-4. And, as to vagueness, the Court has already concluded that reasonable people would understand from the policy what subjects may not be included in their manuscripts. *See* Dkt. No. 24 at 4. The fact that the reviewing authority is not required to identify the pages of a submitted manuscript that run afoul of those prohibitions does not make the policy any less clear about what subjects a prisoner may not include. If anything, Walker's addition supports his claim that the policy was unconstitutionally applied to his manuscript, but Walker is already proceeding on an "as applied" claim, so allowing him to amend his complaint to include this allegation is unnecessary.

As to Walker's amended motion, Walker filed the motion on June 5, 2023, after Defendant's counsel had deposed him, nearly two months after discovery had closed, and after both parties had moved for summary judgment. As noted, Walker seeks to proceed on two new theories of liability—an equal protection and a retaliation claim. But the facts upon which these claims are based have been known to Walker all along, so it is not clear why he waited just under a year to allege them. Allowing Walker to add them now would significantly delay the resolution of this case because Defendant would need time to conduct additional discovery and would be required to respond to the new theories of liability. The Court need not tolerate such delays. *See Bethany Pharmacal*, 241 F.3d at 862. Walker explains that he did not seek to include these facts earlier because he is juggling the demands of multiple cases, but he does not explain why the Court and Defendant should suffer the consequence of his decision to pursue several cases at once. In short, Walker unduly delayed seeking leave to amend his complaint, so the Court will deny his

3

motion. *See Cleveland v. Porca Co.*, 38 F.3d 289, 297-98 (7th Cir. 1994) (holding that the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint when they waited until after discovery had been completed and summary judgment motions had been fully briefed before filing their motion to amend); *see also Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (stating that long delays before seeking to amend a complaint can burden the judicial system, can defeat the public's interest in a speedy resolution of legal disputes, and can justify a district court's denial of a motion to amend).

**2. The Court Will Deny Walker's Motion for a Protective Order.**

On May 16, 2023, Walker filed a motion seeking to forbid Defendant and his attorney from inquiring into certain matters. Dkt. No. 51. Specifically, Walker asks the Court to "issue a protective order against Defendant's request for Plaintiff Walker's protected Healthcare information . . . , forbidding Defendant's Cirian's inquiry into those materials or subject matter, and limiting the scope of disclosure and/or discovery to matters not including Plaintiff Walker's PHI or offense/offense history, and any such material placed on file be placed under seal." *Id.* at 13. The Court will deny Walker's motion. Defendant did not seek to compel Walker's responses to discovery requests on these topics, so a protective order is unnecessary as discovery is now closed. To the extent Defendant relies on publicly available documents about Walker's criminal convictions in support of his summary judgment motion, Walker does not explain why documents that are publicly available elsewhere should be filed under seal in this case.

**3. The Court Will Deny Walker's Motion for Judicial Notice.**

Also on May 16, 2023, Walker filed a motion for judicial notice of eighteen facts that he contends are "indisputable" and "pertinent to the facts of the case." Dkt. No. 54. The Court will deny the motion. It is not clear why Walker chose to seek judicial notice of these facts rather than including them in his proposed statements of fact which he filed in support of his summary

4

judgment motion. Defendant is likely to disagree with Walker's contention that these statements are undisputable, and he should have an opportunity to state so. The Court will not permit Walker to do an end run around the local rules. Accordingly, Walker may include these proposed statements of fact along with his summary judgment materials as required by Civil L.R. 56(b)(1)(C) so that Defendant has an opportunity to respond.

**4. The Court Will Deny Walker's Motion to Strike.**

Finally, also on May 16, 2023, Walker filed a motion to strike. Dkt. No. 57. Walker anticipates that Defendant may assert defenses that Walker believes are meritless or improper. He therefore seeks to limit the defenses Defendant may assert and asks the Court to strike any document that asserts those defenses. The Court will deny the motion. Defendant may not even assert the defenses Walker anticipates, and to the extent he does, Walker may explain, at that time, why he believes the defenses are meritless or improper.

**IT IS THEREFORE ORDERED** that Walker's motion for leave to file an amended complaint (Dkt. No. 47), his motion for protective order (Dkt. No. 50), his motion for judicial notice (Dkt. No. 54), his motion to strike (Dkt. No. 56), and his amended motion for leave to file an amended complaint (Dkt No. 74) are **DENIED**.

Dated at Green Bay, Wisconsin this 16th day of June, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge